# CHARLESTON.

EMMONS-HAWKINS HARDWARE COMPANY *v.* O. K. SIZEMORE, *Trading, etc.*

(No. 6218)

Submitted October 23, 1928.    Decided October 30, 1928.

260

*F. C. Cook* and *Samuel A. Christie,* for plaintiff in error.

HATCHER, JUDGE:

On July 30, 1924, O. K. Sizemore sold to the Superior-Pocahontas Coal Company a stock of merchandise and fixtures for $3,420.18, which amount is agreed to have been the full value thereof. No attempt was made to comply with the requirements of the Bulk Sales Law. The coal company paid $3,417.90 of the purchase price to certain creditors of Sizemore and turned over to him the remainder of $2.28. Afterwards other creditors of Sizemore recovered joint judgments against him and the company in the aggregate amount of $1,736.48, which the company settled. The merchandise and fixtures so purchased have been disposed of. Sizemore owed the plaintiff $369.18 at the time of the sale which is unpaid. It recovered a separate judgment against him for that amount, had an execution issued thereon, and then proceeded against the coal company by suggestion, under section 10, Chapter 141, Code. In answer thereto the company denied being indebted to Sizemore in any amount. The lower court found that the coal company was not liable to the plaintiff, and dismissed the suggestion.

Garnishment is an ancillary statutory proceeding which has long been resorted to in aid of the collection of judgments. Its purpose is to divert to the judgment creditor a payment due the judgment debtor by a third person. Therefore it is

generally held that the plaintiff can recover on a suggestion only when the garnishee is liable to the defendant. Shinn on Attachments and Garnishments, sec. 516 (a). This Court has subscribed to that doctrine. *Swann, Adm'r.* v. *Summers,* 19 W. Va. 115. The rule is subject, however, to a well recognized exception. Where there has been a fraudulent conveyance of the defendant's property, garnishment is held to be a proper procedure, irrespective of the grantee's liability to the defendant. Shinn, *supra,* sec. 588; Drake on Attachments, (6th ed.), sec. 458; 2 Moore on Fraud. Conveyances, p. 743-5; 14 A. & E. Ency. 351; 27 C. J. 708, sec. 549. The courts find no logical distinction in the effect of actual fraud and statutory fraud and afford the same remedy in each case, unless an exclusive statutory remedy is provided. *Rothchild Bros.* v. *Trewella,* 36 Wash. 679, 683, 79 Pac. 480, 481; *Hartwig* v. *Rushing,* 93 Ore. 6, 21, 182 Pac. 177, 182. Garnishment is therefore uniformly favored in violations of the Bulk Sales Law. 12 R. C. L., p. 529, sec. 58; 27 C. J., p. 889, sec. 899; *Supply Co.* v. *Smith,* 182 Mo. 212, 226; *Jaques & Tinsley Co.* v. *Warehouse Co.* (Ga.), 62 S. E. 82; *Owasso C. & S. Co.* v. *Sweet* (Tex.), 179 S. W. 257, L. R. A. 1916 B, 970, which has a valuable annotation commencing on page 974. The status of the purchaser in such case, as well as the remedy, is clearly stated in *Rubber Co.* v. *Kaufman,* 98 Neb. 562, 153 N. W. 584, as follows: "The purchaser of a stock of merchandise transferred to him in violation of the Bulk Sales Law holds the property as trustee for the seller's creditors, and his liability in that capacity may be enforced by garnishment, though he has paid the purchase price and has resold the stock." 27 C. J., p. 885, sec. 892; 12 R. C. L., p. 530, sec. 59. His application of the purchase price to some of the seller's debts does not affect his liability to creditors who are unpaid. *Shoe Co.* v. *Gunn* (Miss.), 83 So. 742.

We are not unmindful that our Bulk Sales statute imposes a personal liability in favor of the creditors, on a fraudulent vendee when he has disposed of his purchase, thereby creating a new remedy. There is nothing in the statute, however, indicating an intent that the new remedy should be exclusive. Limitations by implication are not favored in such case.

Under fundamental rules of statutory construction, it will therefore be held that the statute has created an additional remedy for the creditors without abridging their right to use the less direct procedure by garnishment. 1 Lewis Sutherland Stat. Const. (2nd ed.), sec. 247.

It was the duty of the coal company as a trustee to have distributed the purchase price of the merchandise and fixtures ratably among all the creditors of Sizemore. It could have sought equitable aid for that purpose. If there remain other unpaid creditors of Sizemore, it may be that the company could do so at this late day. In any event, the plaintiff is entitled to the ratable recovery from the coal company which it seeks. *Fechheimer-Keiffer Co.* v. *Burton* (Tenn.), 164 S. W. 1179, 51 L. R. A. (N. S.) 343.

The judgment of the lower court is accordingly reversed, and the case remanded.

*Reversed and remanded.*