434 S.E.2d 29

**Hayes COONROD, Plaintiff Below, Appellant**

**v.**

**James B. CLARK, Individually and James B. Clark D/B/A St. Albans Metal Works, Inc. and any Other Corporate Entities Solely Controlled by James B. Clark, Defendant Below, Appellee.**

**No. 21398.**

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1993.

Decided July 20, 1993.

Walter L. Wagner, Jr., Dunbar, for appellant.

Thomas H. Vanderford, IV, Pauley, Curry, Sturgeon & Vanderford, Charleston, for appellee.

NEELY, Justice:

Hayes Coonrod appeals an order of the Circuit Court of Kanawha County dismissing a suit in which he sought to collect from James B. Clark a judgment previously awarded against St. Albans Metal, Inc. Mr. Clark contends that Mr. Coonrod's appeal is untimely and should be dismissed because it was not filed within four months of the final judgment and no reason was given for the delay. Although we agree that Mr. Coonrod's appeal should be dismissed, we note that dismissal of this appeal will not preclude Mr. Coonrod from using a suggestion proceeding to execute on the judgment he was awarded in his previous suit.

Mr. Coonrod's present collection suit is based on a previous suit in which he sued St. Albans Metal Works, Inc., for back wages. On 9 September 1985, Mr. Coonrod was awarded a judgment of $9,476.28, plus interest.[1] According to the present suit, the corporation was a shell and, in reality, Mr. Clark was Mr. Coonrod's employer. The relationship between the corporation and Mr. Clark, however, was not discovered in the first suit because the corporation failed to raise this issue in a responsive pleading and it was not suggested in the record. The corporation even appealed the judgment to this Court.[2] After the expiration of the appeal period, Mr. Coonrod discovered the corporation's lack of assets through a report of a court commissioner who conducted an interrogatory in aid of execution. The commissioner's report stated that the corporation "does nothing and has no assets and has never been operated as a business of any sort."[3] Mr. Coonrod's Rule 60(b) motion seeking to change the defendant to Mr. Clark was denied on 11 February 1988, as untimely because the motion was not filed within eight months.[4]

On 17 August 1987, Mr. Coonrod filed this suit seeking to collect the judgment awarded in the first suit from Mr. Clark, the sole stockholder of the corporation. The statute of limitations appears to bar a direct suit against Mr. Clark for back wages. Mr. Coonrod alleges that during the trial in the first suit, Mr. Clark failed to disclose that the corporation was a shell and his alter ego and that he, Mr. Clark individually, was the employer. Mr. Coonrod argues that these failures "perpetrate[d] a fraud upon the Courts of the

1. Although the record of the present suit contains only the judgment and the commissioner's report from the first suit, the order of Judge Canady of the Circuit Court of Kanawha County contains additional information.

2. *See Coonrod v. St. Albans Metal Works, Inc.,* No. 860499 (W.Va. appeal denied on July 15, 1986).

3. The commissioner also made the following findings of fact: (1) Mr. Clark is the corporation's president and sole stockholder; (2) The corporation was formed to obtain a loan to purchase a business building; (3) The business known as St. Albans Metal Works is a sole proprietorship operated by Mr. Clark; (4) The

corporation had no assets subject to execution; and (5) Mr. Clark d/b/a St. Albans Metal Works, rather than the corporation, was Mr. Coonrod's employer.

4. Judge Paul Zakaib of the Circuit Court of Kanawha County found Mr. Coonrod's Rule 60(b) motion to be untimely. *See* Syl. pt. 4, *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989) (holding that the "portion of Rule 60(b) of the West Virginia Rules of Civil Procedure which enables a court to set aside a judgment for fraud upon the court has no filing time limit").

State of West Virginia, your Petitioner (Mr. Coonrod) and possibly any other debtors...." Mr. Clark filed a motion to dismiss for failure to state a new cause of action and Mr. Coonrod filed a motion for summary judgment. On 8 March 1990, after considering both motions, the circuit court held that Mr. Coonrod's fraud claim failed to "state a new cause of action" and dismissed the suit.[5] The circuit court order indicated that this Court would "have to unravel this mess ... [to] prevent a miscarriage of justice."

After the circuit court refused to set aside his order, Mr. Coonrod appealed to this Court alleging that under these circumstances, the corporate veil should be pierced, the misnomer corrected and Mr. Clark's failure to disclose should be considered fraud. Mr. Clark argues that the dismissal of this suit is proper because Mr. Coonrod's first suit stated the same cause of action. Mr. Clark also maintains that Mr. Coonrod's appeal petition, filed in the circuit clerk's office on 22 April 1992, was not timely filed and should be dismissed.

## I

Effective 1 July 1990, *W. Va. Code* 58–5–4 [1990], the statute that fixes the time for filing an appeal was amended to reduce the time for filing an appeal from eight months to four months. The statute also authorizes limited extensions, "for good cause shown." *W. Va. Code* 58–5–4 [1990] states, in pertinent part:

No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the state be a party thereto or not, which shall have been rendered or made more than four months before such petition is filed with the clerk of the court where the judgment, decree or or-

der being appealed was entered: Provided, That the judge of the circuit court may, prior to the expiration of such period of four months, by order entered of record extend and reextend such period for such additional period or periods, not to exceed a total extension of two months, for good cause shown, if the request for preparation of the transcript was made by the party seeking such appellate review within thirty days of the entry of such judgment, decree or order.

Rule 3(a) of the *Rules of Appellate Procedure*, which is drawn directly from the statute, provides:

*Time for Petition.* No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been rendered more than four months before such petition is filed in the office of the clerk of the circuit court where the judgment, decree or order being appealed was entered, whether the State be a party thereto or not; provided, that the judge of the circuit court may for good cause shown, by order entered of record prior to the expiration of such period of four months, extend and re-extend such period, not to exceed a total extension of two months, if a request for the transcript was made by the party seeking an appeal or supersedeas within thirty days of the entry of such judgment, decree or order. In appeals from administrative agencies, the petition for appeal shall be filed within the applicable time provided by the statute.

Before the 1990 amendments, the statute and Rule 3(a) required the petition for appeal be filed with this Court's clerk within eight months of the entry of judgment or within an additional four months, if authorized.[6] Based on the appeal statute and

---

**5.** Mr. Coonrod's claim seeking to pierce the corporate veil had been dismissed earlier.

**6.** Before the 1990 amendment, *W. Va. Code* 58–5–4 [1973] stated, in pertinent part: "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than eight months before such petition is

presented." Before the 1990 amendment, Rule 3(a) of the *Rules of Appellate Procedure* stated, in pertinent part: "No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been rendered more than eight months before such petition is presented, whether the State be a party thereto or not."

Rule 3(a), before the 1990 amendments, in Syl. pt. 1, *First Nat'l Bank of Bluefield v. Clark*, 181 W.Va. 494, 383 S.E.2d 298 (1989), we concluded that the appeal "must be filed with the clerk of this Court within eight months of the entry of judgment or within such additional period, up to four months, as may be authorized pursuant to W.Va.Code, 58–5–4."

■ Syl. pt. 1, *First Nat'l Bank, supra,* is overruled because amendments to *W.Va. Code* 58–5–4 and Rule 3(a) of the *Rules of Appellate Procedure* have shortened the appeal period and changed the filing office. The appropriate procedure for a petition for appeal to this Court to be timely presented, under *W.Va.Code* 58–5–4 [1990] and Rule 3 of the *Rules of Appellate Procedure* [1991], requires the petition to be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of judgment or within such additional period, up to two months, as may be authorized pursuant to *W.Va.Code* 58–5–4 [1990].

■ In the present case, we find that Mr. Coonrod's petition of appeal was untimely because it was filed in the circuit clerk's office on 22 April 1992, almost eight months after the circuit court's final order of 30 August 1991. Although this Court possesses "the implied or inherent authority to enlarge the time for appeal fixed by statute [citations omitted]," we require a showing of good cause. *First Nat'l Bank* at 499, 383 S.E.2d at 303. *See* Syl. pt. 2, *First Nat'l Bank.* In the present case, no reason was given for the delay and in oral argument Mr. Coonrod alleged that his appeal was timely.[7] Because Mr. Coonrod did not show good cause for his untimely peti-

tion, we dismiss Mr. Coonrod's petition for appeal.

## II

■ In this second part, we write to address the circuit court's concern that a miscarriage of justice will occur if Mr. Clark is "permitted to lay back and withhold his knowledge that the wrong party is being sued, and through non feasance [sic], deceive the Court into trying the controversy and rendering judgment against the wrong party." Because of today's dismissal, Mr. Coonrod is foreclosed from instituting another suit to collect judgment because the circuit court granted Mr. Clark's Rule 12 motion and held that the second suit failed to state a new cause of action. In Syl. pt. 5, *Sprouse v. Clay Communication, Inc.,* 158 W.Va. 427, 211 S.E.2d 674, *cert. denied,* 423 U.S. 882, 96 S.Ct. 145, 46 L.Ed.2d 107 (1975), we said "the dismissal of an action under Rule 12(b)(6) W.Va. RCP for failure to state a claim upon which relief can be granted shall be a bar to the prosecution of a new action grounded in substantially the same set of facts...." Although Mr. Coonrod's petition for appeal is dismissed, we note that he is not foreclosed from using a suggestion proceeding to enforce his first suit's valid judgment.[8]

Chapter 38, art. 5 of the *W.Va.Code* sets forth various proceedings that can be used in aid of execution, including: (1) interrogatory proceedings, *W.Va.Code* 38–5–1 [1923]; (2) suggestion proceedings, *W.Va. Code* 38–5–10 [1923]; and (3) suits instituted by judgment creditors, *W.Va.Code* 38–5–20 [1923]. A judgment creditor is entitled to institute suggestion proceedings to enforce an existing judgment under *W.Va. Code* 38–5–10 [1923], which provides:

7. Mr. Coonrod argues that the amendments to the statute and Rule 3 do not apply to his appeal because his suit was instituted before the amendments' effective date. Because both *W.Va.Code* 58–5–4 [1990] and Rule 3(a) of the *Rules of Appellate Procedure* specifically refer to the date of judgment as beginning the appeal period, the statute in effect on the date of judgment would determine the appeal period and not the suit's filing date. Thus, judgments entered on 30 June 1990 or before generally have an eight month appeals, but judgments entered

on 1 July 1990 or after generally have a four month appeal period.

8. The circuit court incorrectly assumed that in the first suit the denial of Mr. Coonrod's Rule 60(b) motion to correct the judgment barred further action against Mr. Clark. Although Mr. Coonrod cannot use Rule 60(b) to correct the judgment, the denial of the Rule 60(b) motion does not bar a suggestion proceeding under *W.Va.Code* 38–5–10 [1923].

Upon a suggestion by the judgment creditor that some person is indebted or liable to the judgment debtor or has in his possession or under his control personal property belonging to the judgment debtor, which debt or liability could be enforced, when due, or which property could be recovered, when it became returnable, by the judgment debtor in a law court, and which debt or liability or property is subject to the judgment creditor's writ of fieri facias, a summons against such person may be sued out of the office of the clerk of the circuit court of the county in which such person so indebted or liable, or so having such personal property, resides, or, if he be a nonresident of the State, in the county in which he may be found, upon an attested copy of such writ of fieri facias being filed with such clerk to be preserved by him in his office, requiring such person to answer such suggestion in writing and under oath. The return day of such summons shall be the next term of such court.

The institution of a suit under *W.Va.Code* 38–5–20 [1923] does not preclude a judgment creditor from seeking to enforce a judgment through a suggestion proceeding. *W.Va.Code* 38–5–20 [1923] states, in pertinent part:

Such suit may be brought by the judgment creditor instead of a proceeding in suggestion, or, after a proceeding in suggestion has been begun, the judgment creditor may, at any time before an order for payment or delivery has been made against the person suggested, dismiss such proceeding in suggestion at his own costs, and commence a suit under this section.[9]

Recently in Syl. pt. 3, *Rashid v. Schenck*, 1993 WL 128067, —— W.Va. ——, —— S.E.2d —— (No. 21300 Filed April 23, 1993) (rehearing pending), we noted that a suggestion action under *W.Va.Code* 38–5–10 [1923] "may be a proper method to collect on a performance bond obligation, if the surety is liable or indebted to the judgment debtor." In *Rashid,* which concerned the collection of an arbitration award, we noted "that the principles of collateral estoppel would preclude ... [the intervenor, surety] from relitigating the issues decided in the arbitration." *Rashid,* at ——, —— S.E.2d ——. We also noted that "defenses which were not raised before the arbitration" could be presented during the suggestion action. *Rashid,* at ——, —— S.E.2d ——. *See also Commercial Bank of Bluefield v. St. Paul Fire & Marine Ins. Co.,* 175 W.Va. 588, 336 S.E.2d 552 (1985) (holding that a suggestion proceeding could be used to reach the proceeds of a judgment debtor's employee fidelity insurance policy); Syl. pt. 1, *Sauls v. Howell* 172 W.Va. 528, 309 S.E.2d 26 (1983) (holding that a wife with mature, unpaid installments provided for in a divorce decree, "is entitled to institute suggestion proceedings ... to recover upon those judgments" from a corporation allegedly in possession of the former husband's profit sharing funds); *Emmons-Hawkins Hardware Co. v. Sizemore,* 106 W.Va. 259, 260, 145 S.E. 438, 439 (1928)

---

**9.** In its entirety *W.Va.Code* 38–5–20 [1923] states:

For the recovery of any personal property or any claim on which a writ of fieri facias or an execution is a lien under this article, or the enforcement of any liability in respect to any such property, or for the enforcement of any debt or liability of any person to the judgment debtor, on which the writ of fieri facias or execution is a lien, a suit may be maintained by the judgment creditor either at law or in equity, as the case may require. If such suit be at law, it may be brought in the name of the judgment debtor, for the use and benefit of the judgment creditor to the extent of his lien. If such suit be in equity, it may be brought in the name of the judgment creditor. Such suit may be brought by the judgment creditor instead of a proceeding in suggestion, or, after a proceeding in suggestion has been begun, the judgment creditor may, at any time before an order for payment or delivery has been made against the person suggested, dismiss such proceeding in suggestion at his own costs, and commence a suit under this section. If a recovery is had in such suit at law, the costs shall be assessed against the defendant in such suit. If no recovery be had, the costs shall be assessed against the judgment creditor. If the suit be in equity, the costs may be assessed as in other suits in equity. Any fact which would constitute a defense to a person suggested under the provisions of this article shall be a defense to any person sued under this section.

(noting that the purpose of the suggestion proceeding "is to divert to the judgment creditor a payment due the judgment debtor by a third person").

■ We find that a dismissal of a suit brought under *W. Va. Code* 38–5–20 [1923] does not preclude a judgment creditor from seeking to enforce a judgment through a suggestion proceeding under *W. Va. Code* 38–5–10 [1923].

In the present case, although Mr. Coonrod's second suit is dismissed, this dismissal does not preclude him from seeking to enforce his valid judgment though a suggestion proceeding. *W. Va. Code* 38–5–20 [1923] indicates that both proceedings can be used for recovery but that a double recovery is barred. Mr. Coonrod has two theories that may justify recovery from Mr. Clark. If the suggestion proceeding establishes that Mr. Clark is in fact the alter ego for the corporation, then Mr. Clark is liable for the judgment.[10] If the suggestion proceeding establishes that Mr. Clark withheld knowledge concerning his status of employer to avoid liability, then Mr. Clark is liable for the judgment.[11] During the suggestion proceeding, although the principles of collateral estoppel would preclude the relitigating of the issues decided in the first suit, the matters that have not been presented to any trier of fact could be litigated. In the present case, the suggestion proceeding may be a proper forum (1) to resolve any outstanding issues of material fact, including questions concerning the relationships among Mr. Clark, St. Albans Metal Works, Inc. and St. Albans Metal Works, and (2) for Mr. Clark to present any defenses to the allegations.

**10.** *See Laya v. Erin Homes, Inc.,* 177 W.Va. 343, 352 S.E.2d 93 (1986) (using the following two-prong test to determine whether to pierce a corporate veil in a breach of contract case: (1) unity of interest and ownership such that separate personalities no longer exist; and (2) equitable considerations if acts are ascribed to corporation alone); *Southern Electrical Supply Co. v. Raleigh County Nat'l Bank,* 173 W.Va. 780, 787, 320 S.E.2d 515, 523 (1984) (noting that decisions to look beyond "corporate facades must be made case-by-case, with particular attention to factual details"); *Sanders v. Roselawn Memorial Gardens, Inc.,* 152 W.Va. 91, 118, 159 S.E.2d 784, 800 (1968) *quoting* 18 C.J.S. Corpo-

For the above stated reasons, the petition for appeal is dismissed.

Dismissed.

rations, Section 6, pages 376–377 (recognizing that "[i]n addition to actual fraud, the courts will discard the corporate fiction whenever its retention would produce injustices and inequitable consequences").

**11.** *See* Syl. pt. 5, *Johnson v. Huntington Moving & Storage, Inc.,* 160 W.Va. 796, 239 S.E.2d 128 (1977) (noting that if the case is a misnomer then "[a]fter judgment is obtained, a misnomer is cured by virtue of Rule 61 of the West Virginia Rules of Civil Procedure and W.Va.Code, 58–1–2").