505 S.E.2d 717

**LAWYER DISCIPLINARY BOARD, Respondent,**

v.

**Eugene M. SIMMONS, a Suspended Member of the West Virginia State Bar, Petitioner.**

No. 23431.

Supreme Court of Appeals of West Virginia.

Submitted June 9, 1998.

Decided July 9, 1998.

See also 184 W.Va. 183, 399 S.E.2d 894.

· Amie L. Johnson, Lawyer Disciplinary Counsel, Charleston, for Respondent.

Eugene M. Simmons, Hillsboro, Pro Se.

PER CURIAM: [1]

■ This is a petition by a suspended attorney for reinstatement of his license to practice law pursuant to Rule 3.32 of the Rules of Lawyer Disciplinary Procedure. The petitioner's law license was suspended in 1990 for a period of six months for entering into business transactions with longtime clients without making adequate disclosures to them, without properly protecting their interests, and without referring them to independent counsel in violation of DR 5–101(A) and DR 5–104(A) of the Code of Professional Responsibility.[2]

Based upon the petitioner's conduct since his license was suspended in 1990, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board [hereinafter "Board"] has recommended that the petition for reinstatement be denied. While recognizing that no one instance of the petitioner's conduct, taken alone, would be sufficient to deny his petition, the Board maintains that the petitioner's actions, when considered together, create a clear pattern of conduct and do not establish that the petitioner is rehabilitated and fit to practice law.

Based upon our review of the petition, all matters of record, the briefs and oral argument, we order the petitioner's license reinstated immediately, subject to the petitioner's satisfaction of the conditions enumerated herein and subject to one year of supervised practice.

I

On November 30, 1990, the petitioner, Eugene Simmons, had his license to practice law suspended for a period of six months. The suspension occurred after two longtime clients of the petitioner filed complaints with the State Bar regarding business transactions they had entered into with the petitioner. In each instance, the client suffered significant financial losses as a result of the petitioner's conduct.

On October 21, 1991, the petitioner filed a petition for reinstatement of his license. However, he did not file the required Reinstatement Questionnaire until December 1994. During the interim, other disciplinary proceedings were initiated against the petitioner. Consequently, consideration of the reinstatement petition was deferred until the remaining disciplinary proceedings were completed.

On April 22, 1993, the petitioner was admonished by the Investigative Panel of the Board for accepting a new client after he had received notice that he would be suspended in less than one month. Subsequently, on May 20, 1994, this Court reprimanded the petitioner for violating DR 6–101(A)(3) of the Code of Professional Responsibility by failing to prepare final orders in forty-two criminal cases before leaving the Office of Prosecuting Attorney of Pocahontas County and for further failing to submit several other documents in the same cases. The petitioner was also found to have violated Rule 1.16(d) of the Rules of Professional Conduct because he did not timely return a client file in 1989 after the client terminated his representation. The petitioner was ordered to pass the Multi–State Professional Responsibility Examination and pay the costs incurred in the proceeding prior to his reinstatement to the practice of law.[3]

In further proceedings, the petitioner was again disciplined by this Court for conduct he had engaged in prior to his original six-month suspension. The petitioner was found to have violated Rules 1.2, 1.4(a), 1.4(b), 1.16(a), 1.16(d), and 8.1(b) of the Rules of Professional Conduct for failing to act with reasonable diligence and promptness, failing to return phone calls and otherwise communicate with a client, failing to promptly return a file, and failing to promptly notify

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. *See Committee on Legal Ethics of the West Virginia State Bar v. Simmons,* 184 W.Va. 183, 399 S.E.2d 894 (1990).

3. We note that the petitioner has passed the Multi–State Professional Responsibility Examination. The petitioner has also paid the costs of the prior proceedings.

clients of his suspension. As a result, the petitioner's license was suspended for an additional month. The petitioner was further ordered to pay the costs of the proceedings against him and as a condition of his reinstatement, to participate in a mentoring program for one year under the supervision of an attorney selected by the petitioner and Disciplinary Counsel.

## II

In Syllabus Point 3 of *Lawyer Disciplinary Bd. v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995), we set forth the standard of review applicable to cases involving the discipline of lawyers:

A *de novo* standard applies to a review of the adjudicatory record made before the [Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Board's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Board's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

*See also* Syllabus Point 1, *Lawyer Disciplinary Bd. v. Hatcher*, 199 W.Va. 227, 483 S.E.2d 810 (1997).

We have previously held that: "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syllabus Point 3, *Committee on Legal Ethics of the West Virginia State Bar v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 783 (1985). *See also* Syllabus Point 7, *Committee on Legal Ethics of the West Virginia State Bar v. Karl*, 192 W.Va. 23, 449 S.E.2d 277 (1994); Syllabus Point 2, *Committee on Legal Ethics of the West Virginia State Bar v. Sheatsley*, 192 W.Va. 272, 452 S.E.2d 75 (1994). We have further noted that "[i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the … attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession." Syllabus Point 3, *Committee on Legal Ethics of the West Virginia State Bar v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987).

As indicated above, the petitioner's license was initially suspended for six months, beginning in 1990. Subsequently, an additional one-month suspension was ordered. Despite only a total seven-month suspension, the petitioner has not practiced law for approximately eight years. We, of course, recognize that petitioner's attempts to seek reinstatement earlier were delayed by the additional disciplinary proceedings. Nonetheless, the petitioner has not practiced law for a considerable period of time.

During the time his license has been suspended, the petitioner has continued to live in Hillsboro, West Virginia, where he has operated a cattle farm. In addition, the petitioner has conducted seminars on wills, estates, and trusts with the State Bar's approval and subject to the provision that he not offer legal advice or represent that he is a practicing attorney. He has remained active in the community serving as mayor for four years and as a basketball and soccer coach at the elementary school.

Disciplinary Counsel contends that the petitioner has not established that he is rehabilitated or that he possesses the necessary fitness to practice law. This contention is based, in part, upon the fact that the petitioner has been named as a defendant in two civil actions, which although not involving the practice of law, pertain to his financial difficulties. Disciplinary Counsel is also concerned that the petitioner has demonstrated a lack of clear understanding of the inappropriate nature of his prior conduct which resulted in his license being suspended.

Based upon our independent review of the record, this Court is satisfied that there is sufficient evidence to conclude that there is little likelihood that the petitioner will engage in unlawful or unprofessional conduct

once his license has been reinstated. Prior to the events which led to the initial suspension of the petitioner's license, the petitioner had practiced law for approximately thirty years in Pocahontas County. We are not unmindful of the more recent lawsuits involving the petitioner, however, it appears that those matters were resolved or settled. Nonetheless, considering the seriousness of the petitioner's prior conduct, certain terms and conditions must be placed upon his reinstatement to the practice of law. As we have previously noted, "the high standards required of attorneys who practice in this State must be consistently maintained." *Lawyer Disciplinary Bd. v. Vieweg*, 194 W.Va. 554, 560, 461 S.E.2d 60, 66 (1995).

Therefore, the petitioner's license to practice law shall be reinstated immediately upon satisfaction of the following conditions:

1. that petitioner be supervised in his practice of law for one year upon terms and conditions determined by the Office of Disciplinary Counsel to insure that the petitioner does not again become involved in the conduct which led to his suspension;

2. that petitioner satisfy all of the outstanding judgments against him. Payment of the obligations may be made either in lump sum payment or according to a reasonable payment schedule; and

3. that petitioner pay the costs of these proceedings.

For the reasons stated, the license of Eugene Simmons to practice law in the State of West Virginia is reinstated subject to the conditions set forth above.

Reinstated subject to conditions.