**BRUNNER v. UNITED STATES.**
No. 12672.

United States Court of Appeals,
Ninth Circuit.

May 18, 1951.

Rehearing Denied Oct. 26, 1951.

William B. Esterman, Hollywood, Cal., for appellant.

Ernest A. Tolins, U. S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

On August 31, 1950, the United States District Court in and for the Southern District of California, Honorable Ben Harrison, United States District Judge, presiding, was engaged in the trial of a criminal prosecution wherein the United States of America was plaintiff and one Sidney Weinbaum was defendant. The indictment charged perjury by defendant. Brunner was called as a witness in behalf of the United States.

Brunner was asked:

Q. "Between the years 1937 and 1938 were you a member of the Communist Party in Pasadena, California?" He said: A. "I feel I must decline to answer that on the ground that it might incriminate me."

After considerable colloquy, in which Brunner was directed to answer by the Court, he consulted his counsel and responded in the same manner. A lengthy recess intervened. Brunner resumed the stand and was asked:

Q. "Calling your attention to the years 1937 through 1939, were you acquainted with the defendant Sidney Weinbaum in Pasadena, California?" A. "Yes, I know Sidney Weinbaum."

Later the reporter read the following question to the witness, which had been asked before by the United States Attorney:

Q. "Did you, during that same period of time, ever see the defendant at meetings of the Communist Party?" Brunner said: "I must decline to answer that on the ground that it might incriminate me."

The witness gave no ground for his refusal to answer. The Court made it clear that Brunner was directed to answer, stating there was "no present danger in the witness' testifying," and that the chances of incriminating himself were remote. Thereupon, since Brunner remained recalcitrant, he was sentenced for contempt to a period of six months "unless prior to the expiration of this trial you purge yourself of such contempt by voluntarily offering to answer such questions as were propounded to you."

Brunner appealed from this judgment and was released on bail by this Court.

The validity of the claim of a witness in a criminal trial to immunity from giving testimony on the ground that the answers might incriminate him depends upon principles which have long been settled in law. If, in fact, the danger to the witness is once made apparent, great latitude is allowed to him in judging for himself what may be the effect of his answer. Even a question which is at first sight an innocent one may require an answer which will constitute a link in a chain of evidence leading to conviction of

the witness. But it is well established that the witness is not the sole judge of whether he should be accorded the privilege of silence. The trial judge must necessarily be the arbiter and weigh the good or bad faith of the witness in his refusal and whether there is a bare possibility of legal peril or, on the other hand, reasonable ground to apprehend danger sufficient to require that the witness be afforded protection.

■ This Court, many years ago, determined in a case which had no political implications that this "was a matter to be determined by the trial court, in the exercise of a sound discretion." Judge Mathews, speaking for this Court, in Miller v. United States, 95 F.2d 492, 493, 494, and citing Mason v. United States, 244 U.S. 362, 364, 37 S.Ct. 621, 61 L.Ed. 1198, and United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 113, 47 S.Ct. 302, 306, 71 L.Ed. 560.

■ The claim of counsel for Brunner was that the latter might be prosecuted under the Smith Act, 18 U.S.C.A. § 2385, and that acts in the years 1937 and 1938 were at times used as a basis for charges of conspiracy under that Act, and that the Attorney General has been preparing criminal prosecutions against thousands of persons who were active members of the Communist Party.

There was no Smith Act in those years, since the date of passage was June 28, 1940.

The trial judge called attention to the fact that members of the Communist Party in those years had recently avowed their previous membership and were cleared of stigma and that some had testified in the very trial which was then in progress.

In sound discretion, the judge could determine whether the claim was made in good faith to prevent self-incrimination of the witness or was used as a cloak in order to attempt to save Sidney Weinbaum from conviction for perjury.

It is, of course, possible that a prosecution could be brought against Brunner for conspiracy to overthrow the Government of the United States, but the answers to the questions here propounded would not have connected him with a conspiracy. No conspiracy to violate the terms of the Smith Act could be prosecuted for those years. It is true that a conspiracy to overthrow the Government of the United States by force and violence might have existed then and, if proven to have continued to the present time, could be prosecuted now. Membership in the party alone would not constitute a link in that chain.

We accept as still law of this circuit the determination of this Court in Healey v. United States, 186 F.2d 164, Alexander v. United States, 181 F.2d 480, and Kasinowitz v. United States, 181 F.2d 632. But, in the situation there involved, each witness before the Grand Jury was faced with a present danger that he might himself be indicted. In that circumstance he was entitled and required to refuse to testify. United States v. Johnson, D.C.1947, 76 F. Supp. 538, 540. But here prosecution of Brunner was not threatened on any charge. In fact, it is more reasonable to believe that greater peril of prosecution lay in the refusal to testify.

■ Finally, it is said the trial judge confused civil and criminal contempt in the sentence imposed. In Mason v. United States, supra, each of the witnesses before a Grand Jury was asked whether he saw anyone playing poker and whether he saw anyone playing a game of cards at the table at which he was sitting. The trial judge held contemptuous the refusal of each witness to answer these two questions and ordered "that they each be fined in the sum of one hundred dollars and that they each be imprisoned until they comply with the orders of the court by answering the questions." If Judge Harrison was confused, his confusion was based upon that of the Supreme Court of the United States in 1916. Actually, no confusion existed in either instance. The judgment was a penalty payable to the United States with mitigation in the event Brunner purged himself by complying within the requisite time.

■ We find the trial judge exercised sound discretion in requiring the witness to answer and in determining that there was no substance to the claim of the witness

that the answers might incriminate him, that the claim was made in bad faith, and that the judgment was proper and should be carried out. Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.

Affirmed.

Rehearing denied; STEPHENS, Circuit Judge, dissenting.