452 S.E.2d 432 (1994)
192 W.Va. 341
STATE of West Virginia ex rel. McDOWELL COUNTY SHERIFF'S DEPARTMENT; Sheriff R.J. Allen; Chief Deputy John Church; and Deputy Sheriffs Ronald Blevins, John Doe, Richard Rowe and Others Whose Identities are Unknown, Petitioners,
v.
Honorable Booker T. STEPHENS, Judge of the Circuit Court of McDowell County, Sheila Gagean and Gene Gagean, Respondents.
No. 22443.
Supreme Court of Appeals of West Virginia.
Submitted October 5, 1994.
Decided December 8, 1994.
*433 J. Victor Flanagan, Cleek, Pullin, Knopf & Fowler, Charleston, for petitioners.
John R. Mitchell, Charleston, for respondents Sheila Gagean and Gene Gagean.
McHUGH, Justice:
In this original prohibition proceeding, petitioners, the McDowell County Sheriff's Department; Sheriff R.J. Allen; Chief Deputy John Church; Deputy Sheriffs Ronald Blevins, John Doe, Richard Rowe and others whose identities are unknown, seek to prohibit respondent, the Honorable Booker T. Stephens, Judge of the Circuit Court of McDowell County, from reinstating Civil Action No. 92-C-87-S.[1] Upon consideration of the petition and the responses thereto, we conclude that the writ of prohibition should be granted.

I
On February 11, 1992, Sheila and Gene Gagean (hereinafter "plaintiffs") issued a complaint against petitioners in the Circuit Court of McDowell County. On October 13, 1992, that case was dismissed, with prejudice, pursuant to Rule 37 of the West Virginia Rules of Civil Procedure, because the plaintiffs failed to comply with the court's order compelling discovery and failed to appear for three depositions of which they were given proper notice.[2] In addition, though plaintiffs *434 were given sufficient notice, they failed to appear at the hearing on petitioners' motion to dismiss. Consequently, the circuit court granted petitioners' motion to dismiss and removed the action from the docket of the court.
Approximately sixteen months later, on February 18, 1994, the plaintiffs filed a motion to reinstate their case. Over the petitioners' objection, respondent granted the plaintiffs' motion to reinstate on March 22, 1994. In the order granting reinstatement, the respondent judge was apparently persuaded by "plaintiffs' counsel's[3] admission that the case was dismissed from the docket because of counsel's inadvertence in failing to answer [petitioners'] discovery requests and failure to attend the subsequent hearings on [petitioners'] motion to compel discovery, and not because of any action of the plaintiffs."

II
W.Va.R.Civ.P. 37 is designed to provide sanctions so as to ensure that those parties who are subject to discovery requests promptly and adequately respond. Shreve v. Warren Assoc., Inc., 177 W.Va. 600, 604, 355 S.E.2d 389, 393 (1987); Prager v. Meckling, 172 W.Va. 785, 788, 310 S.E.2d 852, 854 (1983). In syllabus point 4 of Bell v. Inland Mutual Ins. Co., 175 W.Va. 165, 332 S.E.2d 127 (1985), we held:
Where a party's counsel intentionally or with gross negligence fails to obey an order of a circuit court to provide or permit discovery, the full range of sanctions under W.Va.R.Civ.P. 37(b) is available to the court and the party represented by that counsel must bear the consequences of counsel's actions.
In Bell, we noted that sanctions contained in W.Va.R.Civ.P. 37(b)(2)(C), namely, striking pleadings and rendering a default judgment, are considered the harshest sanctions for failing to comply with an order compelling discovery and should be used sparingly and in extreme situations. Id. at 171, 172, 332 S.E.2d at 132, 134. Here, the case was dismissed from the trial docket, a sanction also provided for in W.Va.R.Civ.P. 37(b)(2)(C). We recognize such a sanction to be harsh as well, and, similarly, should be used sparingly and only in extreme situations.
In this case, the plaintiffs' counsel failed to comply with the court's order compelling discovery, failed to appear for three depositions and even failed to appear at the hearing on the petitioners' motion to dismiss. Plaintiffs' counsel made no objection to the motion to dismiss, and further, offers to this Court no explanation for the "inadvertent" behavior which caused the trial court to dismiss the plaintiffs' case. Apparently, the trial court originally determined the plaintiffs' counsel to be grossly negligent in failing to obey its order to compel discovery and, pursuant to Rule 37(b) of the W.Va.R.Civ.P. and Bell, supra, sanctioned the plaintiffs accordingly.
The petitioners argue, inter alia, that reinstatement of the action below occurred after three terms of court had elapsed, in violation of Rule 41(b) of the W.Va.R.Civ.P. A careful reading of Rule 41(b) reveals that a "court may, on motion, reinstate on its trial docket any action dismissed under this rule, ... within three terms after entry of the order of dismissal[.]" (emphasis added). However, according to the petition, the trial court dismissed the action below pursuant to Rule 37, not Rule 41(b). Rule 37 does not provide for reinstatement of an action dismissed under that rule.
An action dismissed, with prejudice, under Rule 37 of the W.Va.R.Civ.P., is a final, appealable order. W.Va. Const. art. VIII, § 3 (granting appellate jurisdiction on this Court); W.Va.Code, 58-5-1 [1925] (appellate jurisdiction in a civil case lies where there is a final judgment, decree or order).[4] An aggrieved party may petition for an appeal *435 from such dismissal order no later than four months after the dismissal order has been entered, unless extensions of time have been granted. W.Va.Code, 58-5-4 [1990];[5]W.Va.R.App.P. 3.[6] Alternatively, under Rule 59(e) of the West Virginia Rules of Civil Procedure,[7] a losing party may file a motion to alter or amend the judgment no later than ten days after it is entered.[8] If a motion to alter or amend a judgment is not timely made under Rule 59(e), a motion may be considered under Rule 60(b),[9] which permits relief for, inter alia, "[m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause[,]" provided such motion is made "not more than eight months after the judgment, order or proceeding was entered or taken."[10]See Davis v. Sheppe, 187 W.Va. 194, 195, 417 S.E.2d 113, 114 (1992). Other reasons for relief from a final judgment, order or proceeding are set forth in Rule 60(b).
Accordingly, we hold that a party whose case is dismissed under Rule 37 of the West *436 Virginia Rules of Civil Procedure may appeal the dismissal order, pursuant to W.Va. Code, 58-5-4 [1990] and West Virginia Rules of Appellate Procedure 3. In lieu of an appeal, the party may file a motion to alter or amend the judgment no later than ten days after the judgment is entered, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. If such motion is not timely filed, a party, under appropriate circumstances, may seek relief from a final judgment, order or proceeding for the reasons set forth in Rule 60(b) of the West Virginia Rules of Civil Procedure.
There is nothing in this case which suggests that the plaintiffs either complied with the provisions of Rule 59(e) or availed themselves of relief under Rule 60(b) within the applicable time limits.
Petitioners' right to the extraordinary remedy of prohibition must clearly appear before they are entitled to such remedy. State ex rel. Maynard v. Bronson, 167 W.Va. 35, 41, 277 S.E.2d 718, 722 (1981); Sidney C. Smith Corp. v. Dailey, 136 W.Va. 380, 390, 67 S.E.2d 523, 528 (1951). This Court has previously held that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va.Code, 53-1-1." Syl. pt. 2, State ex rel. Peacher v. Sencindiver, 160 W.Va. 314, 233 S.E.2d 425 (1977). Accord syl. pt. 2, State ex rel. Hanley v. Hey, 163 W.Va. 103, 255 S.E.2d 354 (1979); syl. pt. 2, State ex rel. Winter v. MacQueen, 161 W.Va. 30, 239 S.E.2d 660 (1977). In reinstating the action below, the respondent judge exceeded his legitimate powers. Accordingly, we grant the writ of prohibition to prevent any further proceeding on the improperly reinstated action.
Writ granted.
BROTHERTON, C.J., did not participate in this case.
MILLER, Retired Justice, sitting by temporary assignment.
NOTES
[1] Upon reinstatement to the trial docket, the case was assigned No. 92-C-95-S.
[2] Rule 37 of the West Virginia Rules of Civil Procedure provides, in pertinent part:

(a) Motion for order compelling discovery.A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery[.]
....
(b) Failure to comply with order.
....
(2) Sanctions by Court in Which Action is Pending.If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule... the court in which the action is pending may make such orders in regard to the failure as are just, and among others are the following:
....
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]
....
(d) ... If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.
[3] According to the plaintiffs' appellate counsel, he was not yet involved in the case at the time of dismissal.
[4] See Barker v. Traders Bank, 152 W.Va. 774, 166 S.E.2d 331 (1969) where we held that an order dismissing an action under Rule 12(b)(6) of the W.Va.R.Civ.P. was a final appealable judgment within the meaning of W.Va.Code, 58-5-1.
[5] W.Va.Code, 58-5-4 [1990] provides, in relevant part:

No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the state be a party thereto or not, which shall have been rendered or made more than four months before such petition is filed with the clerk of the court where the judgment, decree or order being appealed was entered: Provided, That the judge of the circuit court may, prior to the expiration of such period of four months, by order entered of record extend and reextend such period for such additional period or periods, not to exceed a total extension of two months, for good cause shown, if the request for preparation of the transcript was made by the party seeking such appellate review within thirty days of the entry of such judgment, decree or order.
[6] W.Va.R.App.P. 3 provides, in pertinent part:

(a) Time for Petition. No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been rendered more than four months before such petition is filed in the office of the clerk of the circuit court where the judgment, decree or order being appealed was entered, whether the State be a party thereto or not; provided, that the judge of the circuit court may for good cause shown, by order entered of record prior to the expiration of such period of four months, extend and re-extend such period, not to exceed a total extension of two months[.]
[7] W.Va.R.Civ.P. 59(e) provides: "(e) Motion to alter or amend a judgment.A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."
[8] An aggrieved party may seek relief from an order of dismissal under Rule 59(e). See Dixon v. American Industrial Leasing Co., 157 W.Va. 735, 205 S.E.2d 4 (1974).
[9] See syl. pt. 3, Lieving v. Hadley, 188 W.Va. 197, 423 S.E.2d 600 (1992), where this Court held:

A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled and does not toll the four month appeal period for appeal to this court.
[10] The text of Rule 60(b) of the W.Va.R.Civ.P. provides, in relevant part:

Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding[.]
We recognize that W.Va.R.Civ.P. 60(b) also provides for relief from a final judgment, order or proceeding through an independent action. An independent action, as contemplated in Rule 60(b), is limited to special circumstances. See syllabus points 2 and 3, N.C. v. W.R.C., 173 W.Va. 434, 317 S.E.2d 793 (1984). There is no assertion by the plaintiffs in this case that they sought relief from the dismissal order through an independent action.