540 S.E.2d 576

Valerie Maria HARRIS and Peggy Harris, Plaintiffs Below,

v.

ALLSTATE INSURANCE COMPANY, A Foreign Corporation, Defendant Below, Appellee,

and

Vengroff, Williams & Associates, Inc., Defendant Below, Appellant,

and

Valerie Maria Harris, Plaintiff Below,

v.

George Pozega, Defendant Below,

Allstate Insurance Company, A Foreign Corporation, Defendant Below, Appellee,

and

Vengroff, Williams & Associates, Inc., Defendant Below, Appellant.

No. 27780.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2000.

Decided Oct. 27, 2000.

Michael J. Del Giudice, Timothy J. LaFon, Ciccarello, Del Giudice & LaFon, Charleston, for the Appellant.

Sanford B. Bryant, Allen, Guthrie & McHugh, Charleston, for Valerie M. Harris and Peggy Harris.

Brent K. Kesner, Ellen R. Archibald, Kesner, Kesner & Bramble, Charleston, for the Appellee.

Thomas V. Flaherty, Flaherty, Sensabaugh & Bonasso, Charleston, for George Pozega.

PER CURIAM:

This appeal was filed by Vengroff, Williams and Associates, Inc., (hereinafter "VWA") appellant/defendant below, from a judgment by the Circuit Court of Kanawha County awarding $31,872.76 in legal fees and costs to Allstate Insurance Company (hereinafter "Allstate"), appellee/defendant below. In this appeal, VWA contends that the circuit court erred by awarding attorney fees and costs. Alternatively, VWA argues that the attorney fees and costs awarded were excessive. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we affirm in part, reverse in part, and remand the proceeding to the Circuit Court of Kanawha County.

### I.

### FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this case is intertwined with a case involving Ms. Valerie Maria Harris, Ms. Peggy Harris[1] and Mr. George Pozega. In 1992, Ms. Valerie Harris rented an apartment from Mr. Pozega. Thereafter, Ms. Valerie Harris had

---

1. Valerie is the daughter of Peggy.

numerous hostile encounters with Mr. Poze-ga.[2] The hostility reached a point on June 1, 1992, when a car driven by Ms. Valerie Har-ris, but insured by Ms. Peggy Harris, was damaged.[3] The Harrises blamed Mr. Pozega for causing damage to the car.

The damaged car was insured by Allstate. Allstate paid Ms. Peggy Harris for the car's damage. After payment was made, Allstate retained the services of VWA to pursue col-lection of its subrogation rights against Mr. Pozega.[4] On December 30, 1992, VWA en-tered into a settlement agreement with Mr. Pozega. Under the terms of the agreement, Mr. Pozega was released from all claims arising out of the damage to the car insured by Ms. Peggy Harris.[5]

After the settlement agreement was exe-cuted, Ms. Valerie Harris filed a civil action against Mr. Pozega.[6] The subsequent action was based upon the damaged car and other unrelated alleged tortious conduct by Mr. Pozega. In Mr. Pozega's answer to the com-plaint, he alleged that the settlement agree-ment released him of liability for all alleged previous tortious conduct against Ms. Valerie Harris.[7] On December 6, 1994, Ms. Valerie Harris filed a third amended complaint.[8] In this third amended complaint, Ms. Peggy Harris was named as a plaintiff along with Ms. Valerie Harris. In addition to naming Mr. Pozega as a defendant, the Harrises named Allstate and VWA as defendants. The claim by the Harrises against Allstate

and VWA was based upon their conduct in releasing Mr. Pozega of liability for *all* claims the Harrises had against him.

Allstate filed a cross-claim against VWA for indemnification. Allstate's cross-claim was based upon provisions in the collection agreement between the two parties. The provision in the collection agreement at issue purportedly required VWA to indemnify All-state for any liability arising from a collection incident.[9]

On August 18, 1997, Allstate filed a motion for summary judgment: on its cross-claim against VWA for indemnification. By order entered October 27, 1997, Allstate's motion for summary judgment was granted. VWA challenged the summary judgment by filing a writ of mandamus with this Court. The writ was summarily denied. VWA, although giv-en an extension of time within which to file a petition for appeal, did not appeal the sum-mary judgment order.[10] Upon motion filed by Allstate, the circuit court, by order dated December 7, 1999, granted Allstate attorney fees and costs in the amount of $31,872.20. It is from this order that VWA now ap-peals.[11]

## II.

### STANDARD OF REVIEW

■ This Court reviews the reasonable-ness of the amount of an award of attorney's

---

**2.** The hostility appears to have centered around rent payments.

**3.** Although the car was insured by Ms. Peggy Harris, the record does not reflect the actual owner of the vehicle.

**4.** Allstate and VWA had an ongoing contract, dated March 28, 1990, authorizing VWA to col-lect subrogation claims for Allstate.

**5.** The release indicated that both Harris women were releasing all claims arising from the dam-aged car incident.

**6.** The complaint was filed on February 8, 1993. An amended complaint was filed on February 9, 1993.

**7.** Mr. Pozega filed an answer and counterclaim to the amended complaint.

**8.** The second amended complaint was dismissed for failure to prosecute, but was reinstated by order of the circuit court on April 3, 1995.

**9.** Allstate contended that VWA failed to notify and obtain Allstate's approval to enter into the settlement agreement. The agreement itself has a space for the signature of an Allstate represen-tative. However, no signature appeared on the space. Only a signature of a representative of VWA appeared on the agreement.

**10.** On October 9, 1998, VWA purportedly sought reconsideration of the circuit court's ruling granting summary judgment to Allstate by filing an "Application for Declaratory Judgment." By order entered December 7, 1999, the circuit court denied relief from its previous summary judgment order.

**11.** All other issues involving the other parties were resolved without trial and are not before this Court.

fees and costs under an abuse of discretion standard. We noted in syllabus point 3 of *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959), in part:

> [T]he trial [court] is vested with a wide · discretion in determining the amount of ... court costs and counsel fees; and the trial [court's] determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [the trial court] has abused [its] discretion.

*Accord* Syl. pt. 2, *Daily Gazette Co., Inc. v. West Virginia Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999); Syl. pt. 4, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993). With due consideration for this standard, we now consider the issues raised in this appeal.

### III.

### DISCUSSION

#### A. The Collection Agreement Required Payment of Attorney Fees and Costs

 The first issue raised by VWA relates to the language of the collection agreement. VWA asserts that the language of the collection agreement between VWA and Allstate did not authorize or contemplate awarding attorney fees and costs. Allstate responded that VWA failed to raise this issue before the circuit court and has therefore waived the matter. "Typically, we have steadfastly held to the rule that we will not address a nonjurisdictional issue that has not been determined by the lower court." *State ex rel. Clark v. Blue Cross Blue Shield of West Virginia, Inc.*, 203 W.Va. 690, 699, 510 S.E.2d 764, 773 (1998). *Accord* Syl. pt. 2, *Trent v. Cook*, 198 W.Va. 601, 482 S.E.2d 218 (1996); Syl. pt. 3, *Voelker v. Frederick Bus. Properties Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995). The record does not disclose that VWA raised this issue before the circuit court. We do find, however, that implicit in the trial court's award of attorney fees and

costs was a finding that the collection agreement required indemnification for attorney fees and costs.

Assuming, arguendo, that the matter is properly before this Court, we find no merit to the issue. We have held that "[t]he rules governing the requisites and validity of contracts generally apply to contracts of indemnity and the language of such a contract must clearly and definitely show an intention to indemnify against a certain loss or liability; otherwise it is not a contract of indemnity." *Sellers v. Owens–Illinois Glass Co.*, 156 W.Va. 87, 92, 191 S.E.2d 166, 169 (1972). This Court has also recognized that "[i]n most cases, if an indemnitor does not assume control of the indemnitee's defense, he will be held liable for the attorney fees and costs incurred by the indemnitee in the defense of the original action." *State ex rel. Vapor Corp. v. Narick*, 173 W.Va. 770, 774–775, 320 S.E.2d 345, 350 (1984) (citations omitted). *Accord* Syl. pt. 3, *Dalton v. Childress Serv. Corp.*, 189 W.Va. 428, 432 S.E.2d 98 (1993); *Valloric v. Dravo Corp.*, 178 W.Va. 14, 21–22, 357 S.E.2d 207, 214–215 (1987).

We have little problem in concluding that the indemnification language of the collection agreement *unambiguously* provides for the recovery of attorney fees and costs associated with the underlying action.[12] The record in this matter clearly establishes that VWA did not "assume control" of Allstate's defense in the underlying action. Therefore, we affirm the trial court's *implicit* ruling that the collection agreement required VWA to indemnify Allstate for attorney fees and costs associated with the underlying action.

#### B. The Attorney Fees and Costs Were Reasonable

VWA next contends in its brief that "there was no judicial inquiry [into] the reasonableness of said fees." During oral argument, VWA stated that the trial court did not hold a hearing to afford VWA an opportunity to

---

**12.** The collection agreement provides in relevant part:

> In the event that [VWA] or [Allstate] is party to or defendant in any litigation, claim, or other action resulting from [VWA's] efforts to recover [Allstate's] claims, [VWA] agrees to defend, indemnify and hold [Allstate] harmless from and against any and all judgments, awards, liabilities, settlements, or other costs arising from such litigation, claim, or other action.

challenge the appropriateness of Allstate's attorney fees and costs. Likewise, the record is void of any such hearing. The circuit court's order held:

> The Court has previously instructed counsel for Allstate Insurance Company to tender to the Court, for in camera inspection, its itemized statement of attorney fees and expenses incurred in connection with Allstate Insurance Company's defense in the present litigation. The Court has received such documentation for in camera inspection and has completed the inspection.[13]

(Footnote added).

■ The circuit court's decision to conduct an in camera inspection of the attorney fees and costs is proper. However, VWA was not afforded the opportunity to contest the matters reviewed by the circuit court. A trial "court, having the right to determine counsel fees, cannot do so arbitrarily." *City Bank of Wheeling v. Bryan*, 76 W.Va. 481, 485, 86 S.E. 8, 10 (1915). Anytime there is a failure to accord a party "an opportunity to respond to the lower court's basis for assessing fees and costs, the most basic of all protections inherent to our judicial system has been violated." *Czaja v. Czaja*, 208 W.Va. 62, 75, 537 S.E.2d 908, 921 (2000). *See also Maikotter v. University of West Virginia Bd. of Trustees/West Virginia Univ.*, 206 W.Va. 691, 527 S.E.2d 802, 808 (1999) (Davis, J., concurring in part and dissenting in part) ("[W]hen neither notice nor opportunity to be heard was afforded [on an attorney fee] issue, [it] is a fundamental violation of state and federal due process guarantees."); *Daily Gazette Co., Inc. v. Canady*, 175 W.Va. 249, 251, 332 S.E.2d 262, 264 (1985) (" '[A]ttor-

ney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.' " (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980))); *City Bank of Wheeling v. Bryan*, 76 W.Va. 481, 486, 86 S.E. 8, 10 (1915) ("[I]t was not proper to pass upon the allowance of [attorney] fees without giving the parties interested . . . notice and an opportunity to be heard.").

In view of the record in this case, we reverse the trial court's award of attorney fees and costs. We remand this specific issue for a hearing at which VWA must be afforded an opportunity to challenge the amount of attorney fees and costs demanded by Allstate.[14]

As a final matter related to the reasonableness of attorney fees and costs, VWA argues that a distinction should have been made by the trial court between legal fees and costs for defending the underlying action, and those incurred in litigating the issue of the indemnification required by the collection contract. VWA contends that, as a matter of law, attorney fees and costs should not have been awarded for litigating the indemnification issue.[15]

■ Both parties have briefed this issue, which we have previously addressed. In syllabus point 3 of *Dalton v. Childress Service Corp.*, 189 W.Va. 428, 432 S.E.2d 98 (1993) we held that "[i]f an indemnity contract indemnifies against 'any and all' attorney's fees, those fees include fees paid in attempting to enforce the ultimately upheld indemnity agreement." *Dalton* applies the general rule that "attorney's fees incurred by the

---

**13.** The circuit court allocated attorney fees and costs as follows:
 (1) Legal expenses of $26,980.55;
 (2) Expert fees in the amount of $3,125.00;
 (3) Court reporter expenses in the amount of $1,761.65; and
 (4) Reports in the amount of $5.00.

**14.** We emphasize that the issue of whether VWA is obligated to indemnify Allstate for attorney fees and costs is not to be relitigated. The circuit court has properly resolved the issue.

**15.** VWA has cited two federal cases applying Virginia law to support its assertion that no award for attorney fees and costs should be made

for litigating the issue of whether indemnification was required by a contract. *See Richardson v. Econo–Travel Motor Hotel Corp.*, 553 F.Supp. 320 (E.D.Va.1982); *General Elec. Co. v. Mason & Dixon Lines, Inc.*, 186 F.Supp. 761 (W.D.Va. 1960). Allstate points out that, subsequent to the two federal cases, the Virginia Supreme Court acknowledged that an award for attorney fees and costs may be made for litigating the issue of whether indemnification was required by contract, when the contract covers such matters. *See Chesapeake & Potomac Tel. v. Sisson & Ryan*, 234 Va. 492, 362 S.E.2d 723 (1987).

indemnitee in enforcing the indemnity agreement against the indemnitor are not necessarily recoverable. The Court must examine the agreement and determine if the language is broad enough to cover these types of expenses as well." *In re Dvorak*, 176 B.R. 929, 935 (Bkrtcy.D.Kan.1994).

It is unclear whether the trial court made an actual determination as to whether the indemnification language in the collection agreement may be fairly read to include recovery for attorney fees and costs associated with litigation of the indemnification dispute. Therefore, upon remand, the trial court should determine whether the indemnification language in the collection agreement was broad enough to encompass payment for attorney fees and costs incurred in litigating the indemnity issue. *See Keesecker v. Bird*, 200 W.Va. 667, 678, 490 S.E.2d 754, 765 (1997) ("The circuit court, on remand, should determine and evaluate the factual circumstances and address this legal question in the first instance.").

### IV.

### CONCLUSION

The judgment of the circuit court is affirmed in part, reversed in part, and remanded.

Affirmed in part, Reversed in Part, and Remanded.