**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Melanie Rock,**
**Plaintiff Below, Petitioner**

**v.)  No. 22-0433** (Harrison County 19-C-94-3)

**Robert G. Matheny, Sheriff and Treasurer of**
**Harrison County, West Virginia,**
**Defendant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Melanie Rock appeals the orders of the Circuit Court of Harrison County entered on September 28, 2020, and May 23, 2022, related to the award of attorney's fees.[1] Upon our review, finding no substantial question of law, we determine that oral argument is unnecessary and that a memorandum decision affirming in part and reversing in part the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On March 5, 2019, the petitioner, through her former counsel Mr. Greg Schillace, sent a request to the respondent under the West Virginia Freedom of Information Act ("FOIA"), West Virginia Code §§ 29B-1-1 to -7, seeking specific categories of documents related to the Harrison County Street Crimes and Drug Unit. The request was signed by Mr. Schillace and did not identify the petitioner as the requesting party. At that time, Mr. Schillace also represented the petitioner's husband in a separate criminal case arising from his employment with the Harrison County Sheriff's Office. The respondent sent a written response and, consistent with his response, testified that the requested materials were connected to an ongoing criminal matter and should be requested through discovery. Accordingly, the respondent did not provide the documents. The petitioner filed this action based on the refusal to comply with her FOIA request. The respondent filed a motion to dismiss that was ultimately denied.

At the final hearing on August 9, 2019, the parties ultimately resolved all substantive issues, and the circuit court then inquired what other issues remained.[2] The petitioner replied that

---

[1] The petitioner is currently self-represented. Respondent Robert G. Matheny appears by Harrison County Assistant Prosecuting Attorney Andrea L. Roberts.

[2] The transcript of the August 9, 2019, hearing was not provided in the appendix record on appeal. However, the circuit court made findings of fact related to that proceeding in its May 23, 2022, and September 28, 2022, orders that are not disputed. In its September 28, 2022, order, the circuit court found that the parties agreed that the documents requested would be produced with appropriate redactions and that the petitioner's counsel argued before the circuit court that she was

1

the issues of costs and attorney's fees remained and asked the circuit court to award the amount sought in her "Memorandum of Law of the Plaintiff, Melanie Rock" ("memorandum"), submitted during the hearing.[3] The petitioner's then-counsel, Mr. Schillace, represented he had contemporaneous records of his billing but had not provided them because the petitioner had not yet moved for attorney's fees. The circuit court heard argument on this issue and ultimately found that the petitioner failed to file an itemization of Mr. Schillace's fees, and the record was closed. The circuit court found that both the hourly rate sought for Mr. Schillace's services and the overall amount of requested attorney's fees in the memorandum were "totally unreasonable." The circuit court memorialized this ruling in its September 28, 2020, "Final Order Addressing Attorney Fees and Removing Case from Docket."[4] This order provided that the circuit court considered the petitioner's requested attorney's fees under West Virginia Code § 29B-1-7 and evaluated the petitioner's request under the factors set out in *Aetna Casualty & Surety Company v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986). The circuit court found that the $14,446 in attorney's fees sought was excessive and awarded the petitioner attorney's fees in the amount of $1,000; $274.06 in costs; and interest at the legal rate of 4.75%.

On October 16, 2020, the petitioner filed her "Motion to Alter and/or Amend the Final Order of September 28, 2020, and Motion of the Plaintiff, Melanie Rock, for the Payment of Attorney Fees and Costs" ("motion"). In the motion, the petitioner argued pursuant to Rule 59(e) and Rule 60(b)(1) of the West Virginia Rules of Civil Procedure that the September 28, 2020, order was entered by the circuit court without notice and the opportunity to be heard. She argued the order must be set aside, and she incorporated a motion for attorney's fees with an itemization

_____

entitled to attorney's fees and costs in the amount set forth in her memorandum. In its May 23, 2022, order, the circuit court noted that the "parties resolved all substantive issues" during the August 9, 2019, hearing and that the petitioner's counsel identified costs and attorney's fees as the only remaining issue, requesting attorney's fees as sought in the memorandum. According to the findings in the circuit court order, the petitioner indicated during the discussion regarding attorney's fees at that hearing that contemporaneous billing records were available but had not been provided because she had not yet moved for the attorney's fees. The circuit court considered this an oral motion, heard argument related to the attorney's fees request in the memorandum, and ruled verbally at that time.

[3] In the memorandum, the petitioner argued that the respondent produced redacted documents responsive to one of the categories of documents requested after the institution of her action but prior to any action of the circuit court. Accordingly, she argued that her FOIA proceeding was successful and that she was entitled to interim attorney's fees under West Virginia Code § 29B-1-7 and sought fees and costs "incurred up to the present in this litigation," a figure that the petitioner maintained equaled $14,720.06, comprised of $14,446.00 in attorney's fees and $274.06 in costs at that time.

[4] Although counsel for the respondent was directed to draft an order, the respondent's then-counsel left the prosecuting attorney's office before doing so, and the circuit court later entered the order.

of time entries for a lesser amount than the fees sought in her original submission, the memorandum.

The circuit court issued an order denying the petitioner's motion on May 23, 2022. The circuit court concluded that the petitioner's motion was untimely filed under Rule 59(e), because it was not filed within ten days of entry of the order it sought to amend. It then considered the petitioner's motion under Rule 60(b). The circuit court noted that its September 28, 2020, order discussed the relevant factors to be considered in evaluating requests for attorney's fees required by *Pitrolo* and awarded attorney's fees in the amount of $1,000 for the preparation and filing of court documents. The circuit court found no grounds to reopen the record in the case and that the petitioner had the opportunity to be heard and present evidence on attorney's fees at the August 9, 2019, final hearing. The circuit court further found that the petitioner's proffered evidence of itemization was not credible and did not warrant reopening the record. The circuit court concluded that the petitioner did not meet her burden of showing reasonable attorney's fees (beyond the nominal fees already awarded), given the simple and straightforward nature of the FOIA action and the significant time and expense that could have been avoided if Mr. Schillace had been forthcoming with the identity of the FOIA requester.

The petitioner appeals and argues the circuit court erred because the September 28, 2020, order was entered without notice and an opportunity to be heard. She further argues that because she substantially prevailed in her FOIA claim, she is entitled to all the attorney's fees and costs claimed under West Virginia Code § 29B-1-7, and that the September 28, 2020, order should be set aside under Rule 60(b)(1), based on "mistake, inadvertence, surprise, excusable neglect, or unavoidable cause." She contends that, in the interest of justice, the September 28, 2020, order should have been set aside and further that the court should have considered her incorporated motion for attorney's fees and costs at that time.

We agree with the circuit court and affirm its ruling that the petitioner's Rule 59(e) motion was untimely. The petitioner's motion was filed on October 16, 2020, more than ten days after entry of the September 28, 2020, order. *See* W. Va. R. Civ. P. 59(e) ("Any motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."); *see also Rose v. Thomas Mem'l Hosp. Found., Inc.*, 208 W. Va. 406, 411-13, 541 S.E.2d 1, 6-8 (2000) (discussing the distinctions between Rule 59(e) and Rule 60(b) motions and the resulting differences in review by this Court). As the October 16, 2020, motion was untimely under Rule 59(e), we do not reach the petitioner's argument regarding the merits of that order contending that the circuit court erred in its decision on whether the amount of attorney's fees requested was reasonable.

We review the circuit court's May 23, 2022, order denying the petitioner's motion pursuant to Rule 60(b) for an abuse of discretion. *See* Syl. Pt. 3, *Chafin v. Boal*, No. 22-0010, 249 W. Va. 486, 896 S.E.2d 677 (2023) ("'"A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).' Syllabus point 4, *Vanderpool v. Hunt*, 241 W. Va. 254, 823 S.E.2d 526 (2019)."); *see also Toler*, 157 W. Va. at 778, 204 S.E.2d at 85, Syl. Pt. 3 ("An appeal of the denial of a Rule 60(b) motion brings to consideration for review only

3

the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.").

The petitioner contends that she did not have notice and an opportunity to be heard on the issue of attorney's fees and costs prior to entry of the September 28, 2020, order.[5] She contends that a court speaks through its written orders and an order from the final hearing regarding the merits of the FOIA claim was a condition precedent to her seeking attorney's fees and costs. The petitioner also contends that she did not file a specific motion seeking attorney's fees and costs on August 9, 2019, and was not heard on this issue because the issue was not ripe for consideration. She contends the September 28, 2020, order should have been set aside in the interest of justice. We agree, in part, with the petitioner and find that it was an abuse of discretion for the circuit court to deny the petitioner's October 16, 2020, motion.

The petitioner was entitled to attorney's fees and costs because the respondent only agreed to produce the previously withheld FOIA disclosure and Vaughn index after the action was filed. *See* W. Va. Code § 29B-1-7 ("Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs . . . ."); Syl. Pt. 7, in part, *Daily Gazette Co., Inc. v. W. Va. Dev. Off.*, 206 W. Va. 51, 521 S.E.2d 543 (1999) (attorney's fees can be awarded if the action contributes to the defendant's disclosure, "whether voluntary or by order of the court[.]"). While the petitioner did file the memorandum seeking interim attorney's fees as of the August 9, 2019, proceeding, it was not a final request, and the proceeding was not concluded at the time the memorandum was filed. The circuit court order noted that the petitioner's counsel stated that he had contemporaneous records of his billing but had not provided them because the petitioner had not yet moved for attorney's fees. However, the circuit court then found that the record was closed at the end of that final hearing, which precluded the filing of the contemporaneous itemization the petitioner indicated was available.

Under these limited circumstances, the petitioner did not receive adequate notice and an opportunity to be heard on the issue of attorney's fees and costs. *See Harris v. Allstate Ins. Co.*, 208 W. Va. 359, 363, 540 S.E.2d 576, 580 (2000) (discussing the requirement of notice and opportunity to be heard on attorney's fees issues). The circuit court's nominal award of $1,000 is not a remedy for this lack of constitutional due process guarantees. *Id.* ("A trial 'court, having the right to determine counsel fees, cannot do so arbitrarily.'" (quoting *City Bank of Wheeling v. Bryan*, 76 W. Va. 481, 485, 86 S.E. 8, 10 (1915)). Although the petitioner offers further argument on the merits of the underlying issue of the reasonableness of the requested attorney's fees and costs filed with her motion, our scope of review is limited under Rule 60(b), and those issues are not properly before this Court. For these reasons, we find limited circumstances exist that require the reversal of the circuit court's denial of the petitioner's motion under Rule 60(b), and, in the

---

[5] To the extent this assignment of error is intended to generally challenge the procedure for drafting and entry of the order by the circuit court, it had authority to prepare and enter the order in these circumstances. *See* W. Va. Trial Court Rule 24.01(a), in part ("When counsel responsible for the preparation and presentation of an order unreasonably delays or withholds its presentation, the order may then be prepared and entered by the judicial officer.").

interests of justice, this matter should be remanded for consideration of attorney's fees and costs with notice and the opportunity to be heard for all parties.

For the foregoing reasons, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

**ISSUED:** May 7, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Justice C. Haley Bunn

Bunn, Justice, concurring, in part, and dissenting, in part:

I agree with the majority's decision to affirm the circuit court's order denying Ms. Rock's Rule 59(e) motion as untimely because she filed her motion more than ten days after the circuit court entered its order from which she sought relief.

However, I disagree with the majority's decision to reverse the circuit court's ruling that denied Ms. Rock's Rule 60(b) motion and to remand to provide the parties notice and an opportunity to be heard on Ms. Rock's request for an award of costs and attorney's fees because Ms. Rock received all the process she was due during the underlying proceedings.

After having affirmed the circuit court's denial of Ms. Rock's Rule 59(e) motion, the only remaining issue before the Court in this appeal is whether the circuit court erred in denying Ms. Rock's Rule 60(b) motion. "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974).

In its decision, the majority finds that Ms. Rock did not receive notice and the opportunity to be heard regarding her request for costs and attorney's fees, reverses the circuit court's order denying her Rule 60(b) motion, and remands for a new hearing on the amount of costs and attorney's fees Ms. Rock should be awarded. This Court has recognized that "attorney's fees . . . should not be assessed . . . without fair notice and an opportunity for a hearing on the record." *Daily Gazette Co., Inc. v. Canady*, 175 W. Va. 249, 251, 332 S.E.2d 262, 264 (1985) (internal

5

quotations, citation, and footnote omitted). Contrary to the majority's conclusion, the circuit court properly denied Ms. Rock's Rule 60(b) motion because she had both notice and an opportunity to be heard on the issues of costs and attorney's fees at the final hearing. In advance of the final hearing, Ms. Rock filed a four-page Memorandum of Law that pertained solely to her request for costs and attorney's fees. The memorandum set forth Ms. Rock's claim that she was entitled to an award of fees and costs, and provided the exact amount she was requesting. Both Ms. Rock and her counsel attended the circuit court's final hearing. And, when the court inquired as to any remaining issues to be addressed, counsel for Ms. Rock responded that their request for costs and attorney's fees had not yet been decided. The circuit court then heard argument regarding Ms. Rock's request for costs and attorney's fees during which counsel provided the total amount requested and his hourly billing rate, but he did not provide an itemized list of his legal services provided to Ms. Rock in connection with her FOIA request and ensuing lawsuit.

The circuit court considered both Ms. Rock's Memorandum of Law and her counsel's argument at the final hearing to determine that she was entitled to an award of both costs and attorney's fees. Upon the evidence before it, the court determined the amount of attorney's fees requested to be excessive and reduced the fee award to $1,000. The court explained that it based its calculation of the attorney's fee award on counsel's lack of forthrightness as to the true identity of the party making the FOIA request; the minimal effort counsel had to expend to obtain the requested documents once the holder understood the identity of the requester; and the perceived excessiveness of counsel's hourly rate when applied to these considerations. Therefore, it is apparent that, even without an itemized list of counsel's services, the circuit court had before it sufficient information to fully consider Ms. Rock's request for costs and attorney's fees and to make a decision based on the written memorandum and oral argument of counsel. Because Ms. Rock received both notice and an opportunity to be heard on her request for an award of costs and attorney's fees, the circuit court's order denying her Rule 60(b) motion should also have been affirmed.

For these reasons, I respectfully concur, in part, and dissent, in part, from the majority's decision in this case.